IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Brian "Ryan B" Doyle, individually and in his capacity as a candidate for the United States Congress from the Third Congressional District of the State of South Carolina, | Civil Action No. 3:10-203-HFF-WMC |
| Plaintiff, | **ORDER AND** <br> **REPORT OF MAGISTRATE JUDGE** |
| vs. | |
| The South Carolina Democratic Party, Carol Fowler, in her capacity as Chair of the South Carolina Democratic Party, Jay Parmley, individually and in his capacity as Executive Director of The South Carolina Democratic Party, and State Representative John Doe, individually and in his capacity as State Representative of the State of South Carolina, | |
| Defendants. | |

This matter is before the court on several pending motions by the plaintiff. The plaintiff, who is proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. The plaintiff intends to run for the Democratic Party nomination for the United States House of Representative for the 3d Congressional District. In his complaint, he alleges that the South Carolina Democratic Party ("SCDP"), its chair, and its executive director "discouraged" and "interfered with" his candidacy by denying him access to the State Party's website and voter list and initially providing inaccurate information about the qualifications to run for Congress.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

On February 1, 2010, before the defendants were properly served, the plaintiff filed a motion for leave to file interrogatories in excess of the number generally permitted. It does not appear to this court that the case is so complex as to require a departure from Federal Rule of Civil Procedure 33(a)(1). Accordingly, the motion is denied.

On February 22, 2010, again before the defendants were properly served, the plaintiff filed a motion for subpoenas to a number persons and entities "for the hearing on Plaintiff's Motion for Emergency Relief to be scheduled by the Court." The motion for emergency relief referenced by the plaintiff is his motion for preliminary injunction filed on January 27, 2010. On March 10, 2010, this court recommended that the plaintiff's motion for preliminary injunction be denied. Accordingly, the plaintiff's motion for subpoenas is moot.

On February 26, 2010, the plaintiff filed a motion to vacate the February 24, 2010, order and to grant default judgment against the defendants. On February 24, this court issued an order stating as follows:

> The Order authorizing service in this case and the summonses submitted by Plaintiff at the time he filed the Complaint were formally issued by the Court on February 2, 2010. (Entries 14, 15). In the Order authorizing service, Plaintiff was specifically informed that he was required to effectuate service on Defendants because he paid the full filing fee. Plaintiff was also given specific instructions to serve a copy of the Complaint, a copy of the Motion for Preliminary Injunction, and a copy of that Order on each Defendant. Unfortunately, as his Return of Service Executed discloses, Plaintiff did not await the issuance of the Order authorizing service of his pro se Complaint and the formal issuance of the summons before sending out a process server with incomplete and ineffective service documents. Commencement of a state law claim is determined by Rule 3 of the 1 South Carolina Rules of Civil Procedure, rather than Rule 4 of the Federal Rules of Civil Procedure, and could impact the time allowed for service of process within the applicable statute of limitations for the state law claim. Plaintiff should consult S.C.R. Civ. P. 3 to be certain that any state law-based claims that might be raised in his Complaint are timely served.

> Each of the summonses that Plaintiff returned to the Court, claiming they were "executed," is blank where the Clerk of Court's stamp should be, none shows that an Order from this Court was included among the documents "served," and each has a date of "service" of February 1, 2010, which was one day before the Order authorizing service was issued. Clearly, the pro se Plaintiff acted prematurely and, therefore, did not effectuate valid service of process on any Defendant. Thus, the originally set deadline for Defendants' responses must be disregarded as it was based on facially invalid service by the pro se Plaintiff. Without facially valid service using an officially issued summons accompanied by an Order formally authorizing service of the pro se pleadings, Defendants had no legal obligation to respond to Plaintiff's filings regardless of their apparent actual notice that Plaintiff filed this case gained by the invalid attempted service.

(2/24/2010 Order at 1-2). The plaintiff was directed to re-attempt to effectuate service of process by using the summons forms bearing the official signature and stamp of the Clerk of Court that were issued to him on February 2, 2010. It appears that this was accomplished on February 26, 2010, and on March 1, 2010, the defendants timely filed a motion to dismiss.

The plaintiff now moves the court to vacate the previous order and to grant default judgment against the defendants. The plaintiff's motion is baseless.

Wherefore, based upon the foregoing,

IT IS ORDERED that the plaintiff's motion for leave to file excess interrogatories (doc. 11) is denied, the motion for subpoenas (doc. 23) is moot, and the motion to vacate order (doc. 29) is denied. Further,

IT IS RECOMMENDED that the motion for default judgment (doc. 29) be denied.

March 17, 2010  
Greenville, South Carolina

s/William M. Catoe  
United States Magistrate Judge

3