# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| BRIAN "RYAN B" DOYLE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C/A NO. 3:10-203-HFF-WMC |
| ) | |
| SOUTH CAROLINA ) | |
| DEMOCRATIC PARTY, CAROL ) | |
| FOWLER, JAY PARMLEY, AND ) | |
| STATE REP. BILL CLYBURN ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____) | |

### ANSWERS TO SPECIAL INTERROGATORIES OF SOUTH CAROLINA DEMOCRATIC PARTY, CAROL FOWLER, JAY PARMLEY, AND STATE REPRESENTATIVE BILL CLYBURN

On behalf of all Defendants, Carol Fowler answers the Special Interrogatories propounded by the Court as follows:

**SPECIAL INTERROGATORY 1:**

On March 10, 2010, the Magistrate Judge recommended dismissing Plaintiff's motion for preliminary injunction because the time had not yet commenced for Plaintiff to register as a candidate. According to the Report, on March 31, 2010, the registration period ended. Therefore, please update the Court as to whether Plaintiff registered, attempted to register and was denied registration, or failed to register during the registration period. If Plaintiff was denied registration, please explain in detail why his registration was denied. To Plaintiff only: If you failed to register, please explain why.

1

**ANSWER TO SPECIAL INTERROGATORY 1:**

On April 1, 2010, Plaintiff successfully registered as a candidate for the Democratic nomination for the U.S. House of Representatives from the Third Congressional District of South Carolina. Attached hereto as Exhibit 1 is a true and correct copy of the certification of the South Carolina Democratic Party submitted to the State Election Commission on April 1, 2010, including Plaintiff Brian Doyle as a candidate. As a result of this certification, Mr. Doyle will appear on the primary ballot, in the June 8, 2010 primary election, as a candidate for the Democratic nomination for U.S. House from the Third Congressional District.

**SPECIAL INTERROGATORY 2:**

In light of your answers to interrogatory number one, please address what impact this new information has on the merits of Plaintiff's motion for preliminary injunction.

**ANSWER TO SPECIAL INTERROGATORY 2:**

In light of the inclusion of plaintiff on the primary election ballot, Plaintiff's motion for a preliminary injunction should be denied. Plaintiff's motion (Dkt. #3) requested relief in the form of (i) access to the ballot and (ii) access to the State Democratic Party's website. The request for access to the ballot is moot as Plaintiff has been granted that access in exactly the same time and in the same way as all other candidates for the Democratic nomination for this office. *See* Exhibit 1 hereto.

To the extent Plaintiff's motion requests access to the State Democratic Party's website, that request is also moot. Plaintiff has now been listed on the website along with all other candidates for the Democratic nomination for U.S. House. Further, on

December 22, 2009, the South Carolina Democratic Party provided Plaintiff with instructions on obtaining access to the State Party's voter file, on the same basis as all other candidates. See Exhibit 2 hereto. As Plaintiff has neither signed the contract nor paid the fee, the State Democratic Party has not granted voter file access to Plaintiff.

**SPECIAL INTERROGATORY 3:**

Construed liberally, as the Court must construe pro se filings, Plaintiff alleges that Defendants have interfered with his ability to register as a candidate generally. Though candidates are typically listed on the website after registration, Plaintiff's complaint and motion for a preliminary injunction allege more than simply denial of access to the website. Given this liberal construction, do Defendant Party's actions toward Plaintiff constitute "state action," triggering the protections of the Constitution? Why or why not?

**ANSWER TO SPECIAL INTERROGATORY 3:**

The only argument Plaintiff could make is under the very different class of cases using the "public function" doctrine to find state action when political parties privately conduct the nominating process and exclude participants on constitutionally impermissible grounds. *See, e.g.*, *See, e.g., Morse v. Republican Party*, 517 U.S. 186 (1996)(state party convention used to select nominees); *Elmore v. Rice*, 165 F.2d 387, 391 (4th Cir. 1947) (finding the delegation of authority to run primaries to the dominant political party did not allow exclusion of minority voters because "[w]hen these officials participate in what is a part of the state's election machinery, they are election officers of the state de facto if not de jure, and as such must observe the limitations of the Constitution. Having undertaken to perform an important function relating to the exercise

of sovereignty by the people, they may not violate the fundamental principles laid down by the Constitution for its exercise."); *see also Florence County Democratic Party by Moore v. Johnson*, 281 S.C. 218, , 314 S.E.2d 335, 337 (1984) ("Clearly, the General Assembly retains its authority over the election process and merely delegates to the county chairman the ministerial duty of filing suit should a defeated candidate violate the provisions of section 7-11-210.").

In this case, the South Carolina Democratic Party is not conducting the Democratic primary election for U.S. House nor is the State Democratic Party excluding Plaintiff as a candidate. The State Democratic Party has not in any way prevented Plaintiff from having access to the ballot. In fact, the State Democratic Party was actually the source of Plaintiff's certification to the State Election Commission on April 1, 2010 along with and at the same time as all other federal candidates.

The State Party has now also listed Plaintiff on its website as a candidate. Although this was done recently, other candidates, including the undersigned counsel Richardson, were not placed on the website until last week. And the State Democratic Party has also offered Plaintiff the same access as other candidates have to the State Democratic Party's voter file, on the same terms. *See* Exhibit 2 hereto.

In delaying granting Plaintiff access to the State Party's website, the State Party clearly was not a state actor. The public function doctrine does not extend to an internal party device such as a website. In delaying such access—or even if the State Democratic Party had ultimately denied such access—the State Party was not exercising a public function, nor did it jointly participate with the State in taking such action. Nor was the State Party in any way entwined with the State of South Carolina in maintaining the

4

website, and there is no obligation or state law requiring a website. In the absence of any of these circumstances, there is no state action. *E.g., Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 181-84 (4th Cir. 2009).

Even if the State Party were a state actor, it also has its own associational rights, protected by the First Amendment, to determine the best means of selecting its nominees. *California Democratic Party v. Jones*, 530 U.S. 567, 574 (2000); *LaRouche v. Fowler*, 152 F.3d 974, 994-95 (D.C. Cir. 1998). In his amended complaint (Dkt. #68), Plaintiff states his claim to relief, in Count I, as "forbidding the Defendants from interfering with Plaintiff's participation in the political process and to immediately make available to him the full resources of the South Carolina Democratic Party in terms of web site access, publicity support and all other…services or aid as made available to any other candidate for office…." *Id*. at 16, ¶54. The central problem with this claim is simply that Plaintiff has no legal right or entitlement—beyond ballot access—to be treated by the State Party in the same way as all other candidates in terms of support. And, indeed, the State Party itself has a right *not* to afford such equal treatment.

The South Carolina Democratic Party has the constitutional right even to formally endorse one candidate over others in a party primary, *Eu v San Francisco County Democratic Central Comm.*, 489 U.S. 214 (1989). Thus it clearly has the right to lend informal support to one candidate over another, if it chooses to do so. And Plaintiff simply does not have a countervailing right to equal political treatment.

In *New York State Board of Elections v. Lopez-Torres*, 552 U.S. 196 (2008), candidates for the state's highest court are nominated by party conventions, rather than primaries. Unsuccessful candidates complained that this system deprived them of a fair

chance of being nominated because the party leadership could effectively control who gets nominated. The Court disagreed. Noting the "right that the First Amendment confers on political parties to structure their internal party processes and to select the candidate of the party's choosing," 552 U.S. at 203, the Court held that the unsuccessful candidates did not have any kind of countervailing constitutional right to have the same practical opportunity to win a nomination against the wishes of the party leadership:

> None of our cases establishes an individual's constitutional right to have "fair shot" at winning the party's nomination. And with good reason. What constitutes a "fair shot" is a reasonable enough question for legislative judgment which we will accept so long as it does not too much infringe upon the party's associational rights. But it is hardly a manageable constitutional question for judges….

Id. at 205-206.

For these reasons, Defendants' alleged actions, even if liberally construed and taken as true, were not state action. Thus, Plaintiff's claim does not trigger the protections of the Constitution.

The sworn verification of the facts in these responses is attached as Exhibit 3.

s/Matthew T. Richardson
Matthew T. Richardson (Fed ID No.: 7791)
WYCHE BURGESS FREEMAN & PARHAM, P.A.
P.O. Box 12247
Columbia, SC 29211
Phone: 803.254.6542   Fax: 803.254.6544
Email: mrichardson@wyche.com

Joseph E. Sandler (*pro hac vice*)
SANDLER, REIFF & YOUNG, P.C.
300 M Street, S.E.  Suite 1102
Washington, D.C. 20003
Telephone: 202.479.1111  Fax: 202.479.1115
Email:   sandler@sandlerreiff.com

April 15, 2010                    ATTORNEYS FOR DEFENDANTS