

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| BRIAN RYAN B DOYLE | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:10-203-HFF-WMC |
| | § | |
| SOUTH CAROLINA DEMOCRATIC | § | |
| PARTY, CAROL FOWLER, JAY PARMLEY, | § | |
| AND STATE REP. WILLIAM CLYBURN, | § | |
| Defendants. | § | |

# ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's motion for default judgment be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 17, 2010, and the Clerk of Court entered Plaintiff's objections to the Report on March 31, 2010.

In his Objections, Plaintiff fails to respond to the Magistrate Judge's recommendation that his motion for default judgment should be denied. In the absence of such objections, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985). Thus, the Court will adopt the recommendation.

Instead, Plaintiff objects to the Magistrate Judge's own ruling (as compared to a recommendation), denying Plaintiff's motion for leave to file excess interrogatories. Plaintiff maintains that

> [t]his is complicated action. Plaintiff has alleged a broad based conspiracy on the part of the South Carolina State Democratic Party, its officers and an elected state representative. Suspect real estate dealings are implicated, interference with employment by a State Representative under color of power of his office has been alleged along with interference with political rights and wrongdoings on the part of party officials in collusion with the State representative.

(Pl.'s Objections 2.) In rejecting Plaintiff's motion, the Magistrate Judge relied on Fed. R. Civ. P. 33(a)(1), which gives the trial court discretion to permit additional interrogatories.

A district court reviews a magistrate judge's orders on non-dispositive matters as provided under Fed. R. Civ. P. 72(a). That rule declares that a district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Plaintiff has failed to demonstrate that the Magistrate Judge's order denying leave to file excess interrogatories was clearly erroneous or contrary to law. Thus, his objections are overruled.

In a separate document filed on March 31, 2010, entitled "Objections to Order of Magistrate Judge," Plaintiff objects to the Magistrate Judge's order granting pro hac vice status to Mr. Joseph Eric Sandler. Plaintiff has no qualms with Mr. Sandler, but he contends that the Magistrate Judge should not have ruled on the pro hac vice motion until he considered Plaintiff's motion to disqualify Mr. Richardson. Again, this objection is reviewed under Rule 72(a). Applying this deferential standard, the Court cannot say that the Magistrate Judge's decision to admit Mr. Sandler was clearly erroneous or contrary to law.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein to the extent it is not inconsistent with this Order or the Court's previous Order finding as moot Plaintiff's motion for a preliminary injunction. Therefore, it is the judgment of this Court that Plaintiff's motion for default judgment [docket entry 29] is **DENIED** and the decision of the Magistrate Judge is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 23rd day of April, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that they may be able to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.