IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Brian "Ryan B" Doyle, individually and in his capacity as a candidate for the United States Congress from the Third Congressional District of the State of South Carolina,<br><br>      Plaintiff,<br>vs.<br><br>The South Carolina Democratic Party; Carol Fowler, in her capacity as Chair of the South Carolina Democratic Party; Jay Parmley, individually and in his capacity as Executive Director of The South Carolina Democratic Party; and State Representative William "Bill" Clyburn, individually and in his capacity as State Representative of the State of South Carolina,<br><br>      Defendants. | Civil Action No. 3:10-203-MBS-KFM<br><br>**ORDER AND**<br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendants' motion to dismiss (doc. 30) and the plaintiff's motion to amend his complaint (doc. 117). The plaintiff, who is proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. At the time of the filing of his complaint, the plaintiff intended to run for the Democratic Party nomination for the United States House of Representative for the 3d Congressional District. In his complaint, he alleges that the South Carolina Democratic Party ("SCDP"), its chair, and its executive director "discouraged" and "interfered with" his candidacy by denying him access to the State Party's website and voter list and initially providing inaccurate information about the qualifications to run for Congress.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On March 1, 2010, the defendants filed a motion to dismiss. On March 3, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On March 8, 2010, the plaintiff filed his response to the motion to dismiss. He filed a supplement to his response on March 31, 2010.

## **FACTS PRESENTED**

At the time of the filing of his complaint, the plaintiff was a candidate for the U.S. House of Representatives from the 3rd Congressional District of South Carolina (comp. ¶ 13). He alleges that the South Carolina Democratic Party ("SCDP") has refused to include his information on the SCDP's website or provide him with access to the voter file. The plaintiff asserts that he has made multiple unsuccessful attempts to gain access to the SCDP's website and district voting lists (*id*. ¶ 15-27). He also alleges that he was given false and misleading information by SCDP Executive Director Parmley concerning the requirements to obtain access to the website, voting lists, and to the primary election ballot (*id.* ¶¶ 14-27). The plaintiff charges that these actions were part of a "plan" partly orchestrated by State Representative William "Bill" Clyburn to discourage, demoralize, and interfere with the candidacy of "honest progressive young Black hopefuls." (*id*. ¶ 28; *see also* doc. 75, granting m. to amend comp. to identify "John Doe" as Rep. Clyburn).

In addition, the plaintiff claims that he was fired from his position as a radio talk show host due to his support of a candidate for the 2008 Democratic nomination for State Senate, Travis Johnson, who was opposed by Representative Clyburn; Representative Clyburn favored another candidate for the Democratic nomination, Greg Anderson, who allegedly had been recruited to run by the SCDP (*id.* ¶¶ 31-41). The plaintiff served as candidate Johnson's campaign manager and announced his support of candidate Johnson on his radio show (*id.* ¶¶ 32-33). According to the complaint, several members of the SCDP conspired to force candidate Johnson to withdraw from the race (*id.* ¶ 33). When these

2

attempts were unsuccessful, the complaint alleges, Representative Clyburn threatened the plaintiff's employer with loss of state business unless that employer terminated the plaintiff (*id.* ¶ 36). The plaintiff's employer then allegedly issued an ultimatum: support the SCDP candidate or completely quit discussing issues related to the campaign (*id.* ¶ 38). The plaintiff claims he refused to comply and was fired (*id.* ¶¶ 38-40). The plaintiff also claims that Representative Clyburn used insider information to reap large financial profits on the sale of land (*id.* ¶¶ 42-46).

### *Motion to Dismiss*

In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must determine whether the complaint sets forth sufficient facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Even though a complaint's allegations are viewed in a light most favorable to the plaintiff, the claim presented must be "plausible." *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (citing *Twombly,* 550 U.S. at 556). Therefore, for a complaint to survive a motion to dismiss, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.,* 309 F.3d 193, 213 (4th Cir. 2002)).

The pleadings of a *pro se* party are entitled to liberal construction and are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). "Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims

that were never presented, or construct the plaintiff's legal arguments for him, or 'conjure up questions never squarely presented' to the court." *Leneau v. Aplin*, C.A. No. 4:09-932-CMC-TER, 2009 WL 1749430, at *2 (D.S.C. Jun. 22, 2009) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985)) (internal citations omitted). "The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." *Id.* (citing *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 390-91 (4th Cir. 1990)).

***Color of State Law***

Two elements must be alleged for a *prima facie* case under Section1983: (1) a deprivation of a federal right and (2) that the person who deprived the plaintiff of that right acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). If a Section1983 complaint fails to state a constitutional claim, it is subject to dismissal under Rule 12(b)(6). *Doe v. Metro. Police Dep't*, 445 F.3d 460, 467 (D.C. Cir. 2006).

The complaint fails to allege that any defendant acted under color of state law. This element "excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Here, as argued by the defendants, the plaintiff does not allege any nexus between the State and the actions of any defendant, does not allege that any defendant jointly participated with the State in any challenged action, does not allege that any defendant exercised a public function in taking any of the actions challenged, and does not allege any way in which any defendant was entwined with the State in undertaking the challenged conduct. *See, e.g., Phillips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 181-85 (discussing these possible theories of state action); *Mentavlos*, 249 F.3d at 310-312 (same).

4

***Voting Rights Act***

The plaintiff asserts a "pattern and practice of violations of 42 USC 1973 and Article I Section 2 of the United States Constitution by the Defendants. (Violation of Voting Rights Laws and qualification of candidates for the United States House of Representatives)" (comp. ¶ 48). Article I, Section 2, Clause 2 of the United States Constitution sets out qualifications of members of the House of Representatives stating, "No Person shall be a Representative who shall not have attained to the Age of twenty five Years, and been seven Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State in which he shall be chosen." U.S. Const. Art. I §2, cl.2. While the plaintiff listed this section of the Constitution in the complaint as quoted above, he has been unable to provide the court with any explanation of the meaning of this claim or any authority for pursuing a claim under this provision of the Constitution.

The plaintiff asserts a cause of action under the Voting Rights Act, 42 U.S.C. § 1973 (comp. ¶ 48). Section 2 of the Voting Rights Act provides as follows:

> (a) No voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color, or in contravention of the guarantees set forth in section 1973b(f)(2) of this title, as provided in subsection (b) of this section.
>
> (b) A violation of subsection (a) of this section is established if, based on the totality of circumstances, it is shown that the political processes leading to nomination or election in the State or political subdivision are not equally open to participation by members of a class of citizens protected by subsection (a) of this section in that its members have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice. The extent to which members of a protected class have been elected to office in the State or political subdivision is one circumstance which may be considered: *Provided*, That nothing in this section establishes a right to have members of a protected class elected in numbers equal to their proportion in the population.

42 U.S.C. 1973. The statute applies by its terms only to a "state or political subdivision." Under section 5 of the Act, the scope of which is at least as broad as that of section 2, a political party is covered only "insofar as the Party exercises delegated power over the electoral process." *Morse v. Republican Party of Virginia*, 517 U.S. 186, 210, 224 (1996). Internal party processes and policies governing the internal operations of parties are not covered by section 5. *LaRouche v. Fowler*, 77 F. Supp.2d 80, 89 (D.D.C. 1999) (3-judge court), aff'd w/o opinion, 529 U.S. 1035 (2000).

Here, the complaint does not allege that the SCDP exercised any authority delegated by the State of South Carolina in taking any of the actions of which the plaintiff complains. To the contrary, the actions he challenges—denial of access to the website and denial of access to the Party's version of voter lists—are clearly private, internal actions of the SCDP. Based upon the foregoing, the plaintiff's allegations fail to state a claim upon which relief may be granted.

*Bribery and Corruption*

The plaintiff asserts a cause of action under 18 U.S.C. § 666 for a "pattern and practice of… Bribery and corruption" (comp. ¶ 49) This statute, which makes it a federal criminal offense to embezzle funds from an organization or state agency funded by the federal government, has no conceivable relevance to any of the allegations in the complaint. Even if the plaintiff intended to cite the federal statutes covering bribery, there are no allegations in the complaint that any public official was provided anything of value in exchange for any official act. In any event, "No citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir.1990) (citing *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Based upon the foregoing, the plaintiff's allegations fail to state a claim upon which relief may be granted.

***RICO***

The plaintiff alleges that his factual assertions "shows and pattern and practice [sic] of violations Civil RICO Statutes…by the Defendants" (comp. ¶ 51). He claims "the named Defendants conspired together and colluded to form the plan of actions that they in fact took to attempt to harm plaintiff, thwart his political ambitions, and neutralize him as a voice for progressive, anti-corruption humanistic politics and policies for the State of South Carolina and the United States and further their own corrupt financial and political interests" (comp. ¶ 51).

"In order to prevail in a civil RICO action, a plaintiff must. . . prove six constituent elements: (1) that a 'person' (2) through a 'pattern of racketeering activity' (3) directly or indirectly invests in, or maintains an interest in, or participates in (4) an 'enterprise' (5) the activities of which affect interstate or foreign commerce and (6) that he was injured by reason of this activity." *Parkel v. South Carolina*, C.A. No. 4:07-3009-TLW-TER, 2009 WL 3048576, at *12 (D.S.C. Sept. 21, 2009). "Racketeering" is defined as criminal conduct in violation of one of a list of criminal statutes set forth in 18 U.S.C. § 1961(1). *Id.* "If a plaintiff fails to specifically allege the defendants committed one of the 'predicate acts' identified in 18 U.S.C. § 1961(1), his RICO claim cannot withstand a motion to dismiss." *Id.*

The factual allegations of the complaint fail to establish any "pattern of racketeering activity," since the only criminal statute he cites—18 U.S.C. § 666—is not one of the "predicate acts" set forth in 18 U.S.C. § 1961(1). Further, the complaint does not allege the existence of an "enterprise," which must be "proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *United States v. Turkette*, 452 U.S. 576, 583 (1981). Accordingly, the claim fails.

*Motion to Amend Complaint*

On August 11, 2010, the plaintiff filed a motion to amend his complaint. The plaintiff seeks leave for filing a second amended complaint, which he originally filed on March 31, 2010 (doc. 68). The defendants moved to strike the second amended complaint (doc. 85). The Honorable William M. Catoe, United States Magistrate Judge (Retired), granted that motion to strike (doc. 96), and the Honorable Henry F. Floyd, United States District Judge, overruled the plaintiff's objections to the Magistrate Judge's order on the basis that the plaintiff had not sought leave of court to file that second amended complaint (doc. 112). The plaintiff then filed the motion to amend now at issue.

The proposed second amended complaint adds the following to the original complaint:

> (1) The plaintiff alleges that the defendants have been properly served and that the plaintiff is in the process of seeking/obtaining counsel (prop. 2nd amended comp. fns. 1-2).
>
> (2) The plaintiff identifies State Representative Doe as State Representative Clyburn (prop. 2nd amended comp. ¶¶ 6, 25).
>
> (3) The plaintiff alleges that the information of another alleged candidate was not included on the SCDP's website and that this omission was part of a pattern of discriminatory actions (prop. 2nd amended comp. fn. 7).
>
> (4) The plaintiff alleges that his information had not yet been added to the website although other additions and deletions had been made to the website (prop. 2nd amended comp. ¶ 19).
>
> (5) The plaintiff alleges violations of 42 U.S.C. §§ 1981 and 1982 (prop. 2nd amended comp. ¶¶ 51-52).

Federal Rule of Civil Procedure 15(a) provides, "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Under the rule's liberal construction, motions to amend should be granted absent extraordinary circumstances. Such circumstances include undue delay, bad faith or dilatory

8

motive, a repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision to grant leave to amend a complaint is within the sound discretion of the district court. *Id.* "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002); *see also GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) (stating that "[t]he opportunity to amend a complaint is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted," which is "the same standard of legal sufficiency that applies under Rule 12(b)(6)") (citation omitted).

As argued by the defendants, the proposed additions to the original complaint do nothing to cure the deficiencies in the plaintiff's pleading that are discussed above with regard to the motion to dismiss. Further, the proposed new claims under Sections 1981 and 1982 could not survive a motion to dismiss for failure to state a claim and are thus futile.

"To establish a prima facie case under § 1981, the plaintiff must show (1) that he is a member of a protected class; (2) that the defendant had the intent to discriminate [against him] on the basis of race; and (3) that the discrimination interfered with his right to contract." *Bongam v. Action Toyota, Inc.*, C.A. No. 00-1241, 2001 WL 867128, at *3 (4th Cir. 2001). The allegations of the proposed second amended complaint do not in any way indicate how the plaintiff was deprived of the right to contract based on his race. The plaintiff's complaint merely contains conclusory statements and does not contain even a "threadbare recital[] of the elements of a cause of action," *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), with respect to Section 1981.

Likewise, the proposed second amended complaint cannot and does not remotely set forth any facts that would establish a cause of action under Section 1982. Section 1982 provides that: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease,

9

sell, hold, and convey real and personal property." 42 U.S.C. § 1982. There are no allegations in the proposed complaint in any way suggesting that the plaintiff has been deprived of any rights with respect to real or personal property. It is not possible to determine what violation the plaintiff is attempting to allege. Again, as argued by the defendants, at best, the plaintiff's proposed second amended complaint merely contains conclusory statements and does not contain even a "threadbare recital[] of the elements of a cause of action." *Iqbal*, 129 S. Ct. at 1940. These allegations could not survive a motion to dismiss, and the amendment is thus futile.

With respect to the request to add Ms. Fowler as a defendant in an individual capacity, the plaintiff's motion sets forth no facts whatsoever that would show that any of the actions which Ms. Fowler is alleged in the proposed second amended complaint to have taken were or could have been taken in any capacity other than as Chair of the South Carolina Democratic Party.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the plaintiff's motion to amend (doc. 117) is denied. Furthermore, it is recommended that the defendants' motion to dismiss (doc. 30) be granted. Any pending nondispositive motions will be held in abeyance pending the district court's disposition of the motion to dismiss. Should the district judge adopt this court's recommendation, these motions will be rendered moot.

s/Kevin F. McDonald
United States Magistrate Judge

September 2, 2010

Greenville, South Carolina

10