IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Brian "Ryan B." Doyle, *individually and in his capacity as a candidate for the United States Congress from the Third Congressional District of the State of South Carolina,* | ) ) ) ) ) ) | C/A No. 3:10-CV-0203-MBS |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| The South Carolina Democratic Party, *et al.* | ) ) | **OPINION AND ORDER** |
| Defendants. | ) ) ) | |

Plaintiff Brian "Ryan B." Doyle ("Plaintiff") filed the within action on January 27, 2010, pro se, alleging that Defendants violated his civil rights; the Voting Rights Act; the United States Constitution Article I, Section 2; 18 U.S.C. § 666; and the Racketeer Influenced and Corrupt Organizations Act. See Compl. ¶¶ 47–50, ECF No. 1. Defendants filed a joint motion to dismiss on March 1, 2010. See Defs.' Mot. To Dismiss, ECF No. 30.[1] On August 11, 2010 Plaintiff filed a motion seeking leave to amend his Complaint. ECF No. 117. This matter is presently before the court on Plaintiff's objection to the Magistrate Judge Kevin F. McDonald's Report and Recommendation ("R&R"), which recommends that the Court grant Defendants' motion to dismiss

---

[1]    As required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge issued an order on March 3, 2010 advising Plaintiff of the motion to dismiss, the dismissal procedures, and the possible consequences if Plaintiff failed to respond adequately. Roseboro Order, ECF No. 38. Plaintiff filed a response in opposition to Defendants' motion to dismiss on March 8, 2010 and a supplemental response on March 31, 2010. See Pl.'s Resp., ECF No. 45; Pl.'s Supplemental Resp., ECF No. 66.

and deny Plaintiff's motion to amend. For the reasons that follow, the Court hereby GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss and DENIES Plaintiff's motion to amend. This matter is recommitted to the Magistrate Judge for further proceedings.

## I.    <u>BACKGROUND</u>

Through his Complaint, filed on January 27, 2010, Plaintiff alleges several claims, all related to his involvement in Democratic Party politics in the State of South Carolina. First, Plaintiff alleges that in late November of 2009, he contacted the South Carolina Democratic Party (the "SCDP") and spoke with Defendant Jay Parmley, SCDP's Executive Director. Compl. ¶ 13, ECF No. 1. Plaintiff apparently advised Mr. Parmley that he was planning on running for Congress and "request[ed] information on the procedures for obtaining access to the [SCDP] website and district voting lists." <u>Id.</u> Mr. Parmley allegedly told Plaintiff that,

> [A]s soon as [he] . . . filed a FEC 1 Form with the Federal Election Commission [(the "FEC"), Plaintiff] would be added to the [SCDP] web site . . . ; that the time to pay a filing fee for any candidates that had filed an FEC 1 form . . . would start in March, 2010; that he was not sure as to the amount; and that he would contact [Plaintiff] on or around the first week of January, 2010[.]

<u>Id.</u> at ¶ 14. On or around December 4, 2009, Plaintiff emailed Mr. Parmley "to inform him that he had submitted his paperwork to the [FEC]." <u>Id.</u> at ¶ 15. Although Mr. Parmley responded that morning to confirm receipt, Plaintiff claims that when he attempted on multiple occasions over the next several weeks to follow-up, he was given excuses by other members of SCDP's staff as to why Mr. Parmley was unavailable or why Plaintiff had yet to be added to SCDP's website. <u>Id.</u> at ¶¶ 16–24. Finally, on January 13, 2010, Mr. Parmley sent Plaintiff an email advising him that he was "disqualified to be a candidate due to South Carolina state law limitations on the qualifications of candidates for South Carolina State office." <u>Id.</u> at ¶ 25. When Plaintiff replied with an email

advising that federal, not state, law governs qualifications for federal elections, he alleges that Mr. Parmley "chose to ignore the information." Id. at ¶¶ 26–27.

Plaintiff claims that Mr. Parmley's conduct "was part of a plan orchestrated at least in part by Defendant [State Representative William Clyburn] and other high level party officials for the purpose of discouraging, demoralizing, and interfering with the candidacy of honest progressive younger Black political hopefuls." Id. at ¶ 28.[2]  Plaintiff alleges that the SCDP "has a history of, when possible, cherry picking their candidates . . . or otherwise having other high ranking elected officials or senior party people contact aspiring candidates who do not fit their mold of malleability and subservience and cajoling them to abandon their aspirations and otherwise attempting to derail their campaigns." Id. at ¶ 29.

Plaintiff further alleges that, in or around March 2008, when he was employed as a talk show host at a local radio station, he opted to vocally support "a young progressive African American male, Travis Johnson, . . . for a State Senate Seat for District 25," instead of his opponent, who Plaintiff contends was recruited for the race and supported by State Representative Clyburn. Id. at ¶¶ 30–33.  Plaintiff contends that "[State Representative Clyburn] and others conspired to have [Plaintiff] removed from his employment in order to silence his expression of opinions concerning vital community issues." Id. at ¶ 35.  Specifically, Plaintiff alleges that "[State Representative Clyburn] and others approached [Plaintiff]'s employer and indicated to him that he might [lose] many valuable contracts with the State, not receive State contracts in the future and would be removed from the State contractor's approved list if he failed to bring [Plaintiff] into line with their

---

[2]    State Representative Clyburn was originally identified in the Complaint by the pseudonym "John Doe."

agenda." Id. at ¶ 36.  Plaintiff claims that, as a result of these contacts, Plaintiff's employer told him

that he could either support Mr. Johnson's opponent "or not talk[] about the issues at all on the air."

Id. at ¶ 38.  When Plaintiff refused, he lost his job.  Id. at ¶¶ 39–40.

Finally, Plaintiff also alleges that State Representative Clyburn "misused his office to

participate in suspicious and questionable real estate transactions which allowed him to reap many

hundreds of thousands of dollars in profits by using his inside knowledge to sell property to

government funded entities."  Id. at ¶ 42.  See also id. at ¶¶ 43–46.

Based on the above allegations, Plaintiff purports to state claims against all of the Defendants

for (1) "violations of 42 USC [§] 1983, deprivation of Civil Rights under color of State Law"; (2)

"violations of 42 USC [§] 1973 and Article I Section 2 of the United States Constitution . . .

(Violation of Voting Rights Laws and qualification of candidates for the United States House of

Representatives)"; (3) "violations of 18 USC [§] 666 . . . (Bribery and corruption)"; and (4)

"violations [of] Civil RICO Statutes 18 USC [§] 1964 et seq. . . . (Pattern and practice of illegal

racketeering activity)[.]" Id. at ¶¶ 43–50.  On August 11, 2010 Plaintiff filed a motion for leave to

amend his Complaint to include additional causes of action under 42 U.S.C. §§ 1981 and 1982 and

to add Carol Fowler as a Defendant in her individual capacity.[3]  See Mot. To Amend, ECF No. 117.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred

to United States Magistrate Judge McDonald for pre-trial handling.  On September 2, 2010 the

Magistrate Judge issued an R&R recommending that the Court grant Defendants' motion to dismiss

and deny Plaintiff's motion to amend.  See R&R, ECF No. 123.  Plaintiff filed objections to the

---

[3]     Ms. Fowler is already named as a Defendant in the present Complaint in her
        official capacity as Chair of the SCDP.

4

R&R on September 20, 2010 and filed a supplement to those objections on September 24, 2010. See Pl.'s Objections, ECF No. 126; Pl.'s Supplemental Objections, ECF No. 127.

## II.    LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the R&R to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In considering a motion to dismiss, the Court is obligated to accept the factual allegations in the complaint as true, in the light most favorable to the non-moving party. See Fed. R. Civ. P. 12(b)(6); Waterford Citizens' Ass'n v. Reilly, 970 F.2d 1287, 1290 (4th Cir. 1992). Where any set of the facts alleged, if proved, could support the claim asserted, the Court must deny the motion. See District 28, United Mine Workers of America, Inc. v. Wellmore Coal Corp., 609 F.2d 1083, 1085 (4th Cir. 1979).

## III.    ANALYSIS

### A.    Defendants' Motion to Dismiss

#### 1.    *Section 1983*

In the first cause of action set forth in the Complaint, Plaintiff asserts that the factual allegations summarized above "show[] [a] pattern and practice of violations of 42 USC 1983, deprivation of Civil Rights under color of State Law by the Defendants." Compl. ¶ 47, ECF No. 1. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived

of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed by a person acting "under color of state law." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 (4th Cir. 2009).

The Magistrate Judge recommends that Plaintiff's Section 1983 claim be dismissed on the grounds that "[t]he complaint fails to allege that any defendant acted under color of state law." R&R 4, ECF No. 123. Specifically,

> [P]laintiff does not allege any nexus between the State and the actions of any defendant, does not allege that any defendant jointly participated with the State in any challenged action, does not allege that any defendant exercised a public function in taking any of the actions challenged, and does not allege any way in which any defendant was entwined with the State in undertaking the challenged conduct.

Id.

In his objections, Plaintiff argues that "singling him out for discriminatory treatment on the basis of knowingly false fabrications with the intent of preventing him from the exercise of his rights and to prejudice and injure his prospects does rise to the level of state action[.]" Pl.'s Objections 20, ECF No. 126. Plaintiff further submits that "the actions of a State Senator in interfering with political and constitutionally protected speech in furtherance of the broad wrongdoings alleged [in the Complaint]" constitute state action and that "[t]he tactics" of which Plaintiff accuses the SCDP "are little different in effect than the imposition of a poll tax." Id. at 21.

The Court agrees with the Magistrate Judge that Plaintiff's allegations regarding Mr. Parmley's conduct fail to allege state action as required under Section 1983. Although a local party may properly be considered a "state actor" under certain circumstances (for example when it "exercises a public function" such as conducting a state regulated primary election), "the normal role of party leaders in conducting internal affairs of their party" is not that of a state actor. Lynch v.

6

Torquato, 343 F.2d 370, 372 (3d Cir. 1965). See also Max v. Republican Comm. of Lancaster County, 587 F.3d 198, 202 (3d Cir. 2009) (affirming trial court's decision finding political party's actions retaliating against party committee member for supporting an unendorsed candidate "internal to the party" not rising to the level of "state action" protected by Section 1983); Banchy v. Republican Party of Hamilton County, 898 F.2d 1192, 1193 (6th Cir. 1990) (finding local political party's election of its party officers is not "state action" protected by Section 1983); Kay v. New Hampshire Democratic Party, 821 F.2d 31, 33 (1st Cir. 1987) (finding candidate has no right of access to political party's presidential candidate forum because "in holding the forum, the Party was not engaged in governmental activity"). Plaintiff has made no credible allegations that, in declining to add him to SCDP's website or provide him access to SCDP's direct voter lists, or even in advising him that he was not eligible to run in the election, Mr. Parmley was engaged in a government function or otherwise acting as a state actor.

However, accepting Plaintiff's factual allegations as true, the court finds that Plaintiff has alleged sufficient facts to survive a motion to dismiss on the following claim. Specifically, insofar as Plaintiff intends to state a 1983 claim on the theory that State Representative Clyburn and others threatened his employer with the loss of "valuable contracts with the State" if Plaintiff continued to voice support for his preferred candidate, and Plaintiff was ultimately terminated as a result, these allegations are sufficient to survive the motion to dismiss.

### 2.    *The VRA and the U.S. Constitution, Article I, Section 2, Clause 2*

Plaintiff's second cause of action asserts that the factual allegations summarized above "show[] [a] pattern and practice of violations of 42 USC 1973 and Article I Section 2 of the United States Constitution by the Defendants . . . (Violation of Voting Rights Laws and qualification of

7

candidates for the United States House of Representatives).” Compl. ¶ 48, ECF No. 1. Article I, Section 2, of the Constitution provides in relevant part: “No person shall be a Representative who shall not have attained to the age of twenty five years, and been seven years a citizen of the United States, and who shall not, when elected, be an inhabitant of that state in which he shall be chosen.” U.S. Const., art. I, § 2.

Having carefully reviewed the record and relevant law, the Court agrees with the Magistrate Judge that this claim should be dismissed. First, as noted by the Magistrate Judge, “[w]hile the plaintiff listed this section of the Constitution in the complaint as quoted above, he has been unable to provide the court with any explanation of the meaning of this claim or any authority for pursuing a claim under this provision of the Constitution.” R&R 5, ECF No. 123. Plaintiff’s objections shed no further light on this claim. Second, the Court agrees with the Magistrate Judge that Plaintiff’s claim that he was denied access to the SCDP’s website and direct voting lists and was erroneously told by a member of the SCDP that he was not eligible to run are not cognizable under the Voting Rights Act, 42 U.S.C. § 1973. Defendants’ motion to dismiss this claim is, therefore, granted.

### 3. *18 U.S.C. § 666*

Plaintiff does not specifically object to the Magistrate Judge’s recommendation that his claims of “bribery and corruption” as alleged under 18 U.S.C. § 666 be dismissed. Nevertheless, the Court has thoroughly and independently reviewed the record and agrees with the recommendation. As explained in the R&R, 18 U.S.C. § 666 is a criminal statute, enforceable by the United States Government and not a proper basis for a claim in a private civil action. R&R 6, ECF No. 123. Accordingly, Defendants’ motion to dismiss this claim is granted.

4.     *__Civil RICO__*

Finally, Plaintiff alleges that Defendants are liable under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), which makes it

> unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c).  Only certain types of criminal acts constitute "racketeering activity" falling within RICO's scope.  See 18 U.S.C. § 1961(1).

Plaintiff does not specifically object to the Magistrate Judge's recommendation that the Court dismiss this claim.  Nevertheless, the Court has carefully reviewed the record and agrees that Plaintiff has failed to state a civil RICO claim.  Specifically, Plaintiff has failed to allege a qualified predicate act of racketeering, as set forth in 18 U.S.C. § 1961(1).  Accordingly, Defendants' motion to dismiss Plaintiff's civil RICO claim is granted.

B.     **Plaintiff's Motion to Amend**

Plaintiff seeks to amend the Complaint to state additional causes of action under 42 U.S.C. §§ 1981 and 1982 and allege claims against Carol Fowler, a Defendant that is already named in her official capacity, in her individual capacity, as well.  The Magistrate Judge recommends denying Plaintiff's motion to amend because the proposed amended complaint fails to set forth the factual basis of the additional claims that Plaintiff seeks to allege and similarly fails to state a basis for amending the Complaint to charge Ms. Fowler in her individual, in addition to her official, capacity. See R&R 9–10, ECF No. 123.

Plaintiff does not specifically object to the Magistrate Judge's recommendation that his

motion to amend be denied. Nevertheless, the Court has carefully reviewed the record and Plaintiff's motion and agrees with the Magistrate Judge's recommendation. Plaintiff's motion to amend is, therefore, denied.

IV.    **CONCLUSION**

For the reasons discussed above, Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**, ECF No. 30. To the extent that Plaintiff means to assert a Section 1983 claim based on the alleged conduct of State Representative Clyburn and unnamed others as it relates to Plaintiff's employment, Plaintiff shall be permitted to go forward on that claim. All of Plaintiff's remaining claims are **DISMISSED**. Plaintiff's motion to amend the Complaint is **DENIED**. ECF No. 117. The Magistrate Judge's Report and Recommendation is adopted and incorporated herein insofar as it is not inconsistent with this Order. This matter is recommitted to the Magistrate Judge for further proceedings on Plaintiff's sole remaining claim.

IT IS ORDERED.


/s/ Margaret B. Seymour
United States District Judge


March 31, 2011
Columbia, South Carolina