IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Brian "Ryan B" Doyle,            ) | C.A. No. 3:10-203-MBS-KFM |
|                                  ) | |
| Plaintiff,     ) | |
|                                  ) | |
| vs.                              ) | |
|                                  ) | **ORDER AND OPINION** |
| State Representative William "Bill" ) | |
| Clyburn, individually and in his capacity ) | |
| as State Representative of the State ) | |
| of South Carolina,               ) | |
|                                  ) | |
| Defendant.     ) | |
|                                  ) | |

Brian "Ryan B" Doyle ("Plaintiff") proceeding pro se, filed a complaint on January 27, 2010, alleging several claims related to his involvement in Democratic Party politics in the State of South Carolina. In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.02(B)(2)(e), D.S.C., the action was referred to United States Magistrate Judge William M. Catoe and subsequently Magistrate Judge Kevin F. McDonald for review.

I. Background

In March 2008, Plaintiff was working as a talk show host at a local radio station in South Carolina. At the time, Travis Johnson was running for a State Senate Seat for District 25. Plaintiff announced to his listeners that he was supporting Johnson over a candidate who had been recruited by members of the State Democratic Party, including State Representative William Clyburn. Plaintiff alleges that Clyburn approached the radio station manager and Plaintiff's boss, Frank Neely, and indicated to him that he might lose valuable state contracts if Plaintiff continued to support candidates who were running in opposition to the Democratic Party's recruits. Plaintiff alleges that Neely gave him an ultimatum of either supporting the

Democratic Party's recruits or not talking about the issues at all on the air. Plaintiff refused the ultimatum and was removed from the air and fired by Neely.

On January 27, 2010, Plaintiff filed the instant complaint against numerous defendants involved with the South Carolina Democratic Party, alleging election-related and RICO violations, as well as 42 U.S.C. § 1983 claims. Among other things, Plaintiff alleges that he discovered evidence that Defendant William Clyburn ("Defendant Clyburn") had misused his position to participate in profitable real estate transactions. In later pleadings, Plaintiff clarifies that he discovered this information prior to being terminated, not subsequently, and that the incriminating nature of the evidence caused Clyburn to retaliate and force Neely to fire Plaintiff.

On February 1, 2010, Plaintiff filed a motion for leave to file interrogatories in excess of the number generally permitted. Along with the motion, Plaintiff attached a copy of his discovery requests to Defendant Clyburn and a certificate of service stating that the requests were served along with the summons and complaint by hand delivery to Defendant Clyburn on February 1, 2010. According to Plaintiff, he also submitted discovery requests to Defendant Clyburn on February 9, 2010, February 25, 2010 and February 26, 2010. On March 17, 2010, the Magistrate Judge issued an order denying Plaintiff's motion, noting that the case was not so complex as to require a departure from Fed. R. Civ. P. 33(a)(1). On March 1, 2010, Defendants filed a joint motion to dismiss the case. On March 31, 2011, this court granted the motion to dismiss in part and denied the motion in part, permitting Plaintiff's claim under 42 U.S.C. §1983 to continue only on the theory that Defendant Clyburn and unnamed others threatened Plaintiff's employer, Frank Neely, with the loss of "valuable contracts with the State" if Plaintiff continued to voice support for his preferred candidate, and that Plaintiff's employment was ultimately terminated as a result. The other defendants were dismissed from the case and Plaintiff's

remaining election-related claims and RICO claims were also dismissed. Subsequently, Plaintiff and Defendant Clyburn filed various motions related to discovery which were ruled upon by the Magistrate Judge. Plaintiff subsequently appealed two of the Magistrate Judge's orders (ECF Nos. 157, 168). The court has reviewed the Magistrate Judge's orders, Plaintiff's objections, as well as Plaintiff's motion for oral argument as to those objections (ECF No. 182).

Under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), the district judge can refer nondispositive matters to the magistrate judge, who is required to issue a written or oral order in order to preserve the record and facilitate review. A party may serve and file objections to the magistrate judge's order within fourteen days after being served with a copy. The district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

II.  Plaintiff's Motion to compel, sanction, and amend scheduling order; Magistrate Judge's Order; ECF No. 157

On September 2, 2011, Plaintiff filed a motion to compel discovery, order sanctions, and amend the scheduling order, contending that Defendant Clyburn had failed to respond to his discovery requests. According to Defendant Clyburn's attorney, no further discovery requests had been served since the initial discovery requests were served with the complaint, which were addressed by the court's March 17, 2010 order denying Plaintiff's motion for leave to file extra interrogatories. On September 7, 2011, the Magistrate Judge denied Plaintiff's motion to compel, Plaintiff's request for sanctions, and issued an amended scheduling order.

On September 28, 2011, Plaintiff appealed the Magistrate Judge's order. Plaintiff alleged that the discovery requests he served on Defendant Clyburn in February of 2010 were due on approximately April 12, 2011, when Defendant Clyburn filed his Answer. Plaintiff alleged that

3

Defendant Clyburn's counsel indicated to him that she was working on the discovery responses and that they would be forthcoming. Plaintiff argued that his discovery requests were reasonable and within the legally permissible limits outlined by the Federal Rules of Civil Procedure. Plaintiff further alleged that the amended scheduling order did not provide sufficient time for Plaintiff to obtain and review responses to his discovery requests prior to taking depositions.

Plaintiff's objections are without merit. Plaintiff may have submitted discovery requests to Defendant Clyburn on three separate occasions in February 2010, but this was prior to the Magistrate Judge's March 2010 ruling denying Plaintiff's motion to submit extra interrogatories. Plaintiff has not alleged that he submitted a revised set of discovery requests after the ruling and prior to filing his motion to compel. Further, the amended scheduling order extended the discovery deadlines by thirty days, which provided sufficient time for the parties to conduct discovery. Having reviewed the Magistrate Judge's Order and Plaintiff's objections, the court finds no clear error in the Magistrate's Order.

III. Defendant Clyburn's Motion for Protective Order; Plaintiff's Motions for Subpoena; Magistrate Judge's Order; ECF No. 168

On September 23, 2011, Plaintiff served Defendant Clyburn's attorney with discovery requests. On September 28, 2011, Defendant Clyburn filed a motion for a protective order, arguing that the discovery requests sought information that was irrelevant to the action, unduly intrusive, and intended only to annoy, embarrass and invade Defendant Clyburn's privacy. The Magistrate Judge found that Interrogatory 1 requested privileged information and that Interrogatories 5, 6, and 7, which sought telephone numbers for Defendant Clyburn's home and cell phone, were irrelevant and unduly intrusive. The Magistrate Judge also found that

Interrogatories 8, 9, 10, 11, 12, 13, 14, 15, 16, and 19, which sought information related to Defendant Clyburn's property purchases, affiliations, campaign contributions and communications concerning elections, were irrelevant as the court had dismissed the election-related claims and RICO allegations. The Magistrate Judge also found that Interrogatory 20 and Requests for Production 8, 9, 10, 11, 12, 13, 14, 17, 18, 19, and 23, which sought personal information concerning Defendant Clyburn and his spouse's telephone numbers, personal accountant, bank accounts, financial information, tax information, and travel plans, were irrelevant and unduly intrusive. The Magistrate Judge also found that Interrogatory 23 and Requests for Production 3 and 22 requested privileged information. As a result, the Magistrate Judge granted Defendant Clyburn's motion for a protective order as to Interrogatories 1, 5-16, 19-20, 23 and requests for production 4, 8-19, and 22-23. However, the Magistrate Judge denied the motion for a protective order as to Interrogatories 2-4, 17-18, 21-22, and 24-25 as well as requests for production 1-3, 5-7, and 20-21. The Magistrate Judge ordered that Defendant Clyburn produce responses to these discovery requests on or before October 31, 2011.

On October 13, 2011, Plaintiff filed a motion seeking a subpoena and subpoena *duces tecum* directed at Frank Neely. Plaintiff sought a deposition subpoena for Neely; however, Plaintiff did not specify a deposition date. The Magistrate Judge directed Plaintiff to provide the Clerk of Court with the date, time, place and method of recording the deposition, stating that the Clerk of Court would issue the deposition subpoena thereafter. Further, the Magistrate Judge ordered that the deposition occur on or before November 18, 2011. Since the discovery period was set to expire on October 27, 2011, the Magistrate Judge extended the remaining discovery deadlines by three weeks and amended the scheduling order accordingly.

Plaintiff's motion for subpoena also requested production of a) documents relating to

5

compensation of individuals employed by Neely dating back to 2006; b) records of Neely's payments to attorneys for lawsuits which were allegedly caused by Plaintiff's on-air remarks; c) records of any legal malpractice costs and awards received by Neely relating to the services of a particular attorney; d) cell phone records for Neely spanning a nine-month period; e) documents related to the funding or construction of the James E. Clyburn Transportation Center at the South Carolina State University; f) documents relating to an arrangement between Neely and Rejoice, the company that owned the radio station; and g) audio recording of a statement allegedly made by Neely over the air informing listeners of Plaintiff's separation from the station.

The Magistrate Judge found that items a-e were irrelevant to the instant action against Defendant Clyburn and noted that Neely was not a defendant in the case. The Magistrate Judge found that the available information relating to items f and g were already provided to Plaintiff. As a result, the Magistrate Judge denied Plaintiff's motion for a subpoena *duces tecum*.

On November 14, 2011, Plaintiff appealed the Magistrate Judge's ruling on the grounds that the discovery requests prohibited by the protective order were relevant to the case. Plaintiff argued that he should be permitted to discover evidence regarding Defendant Clyburn's financial transactions as well as any phone records between Defendant Clyburn and Neely in order to prove his claim that Defendant Clyburn interfered with Plaintiff's employment as a retaliatory measure. Plaintiff acknowledges that his Complaint states that he found incriminating information about Defendant Clyburn *subsequent to his termination*; however, he contends that this was an error and that the complaint should have read *prior to his termination*. Plaintiff also objected to the Magistrate Judge's order denying the motion for subpoena duces tecum as to Neely. Plaintiff alleged that information regarding Neely's litigation costs and damage awards in an alleged malpractice case is relevant to impeaching Neely, because Plaintiff believes that these

damage awards have been "concealed" by Neely. Plaintiff further alleged that the amended scheduling order does not provide sufficient time for Plaintiff to obtain and review responses to his discovery requests prior to taking depositions.

Plaintiff's objections are without merit. According to the controlling complaint, Plaintiff's discovery of incriminating information about Defendant Clyburn occurred *after* Plaintiff was terminated from his job. Plaintiff's theory that Defendant Clyburn had him fired because he knew that Plaintiff had incriminating information about him would therefore be implausible because Plaintiff's discovery took place after he was fired. Therefore, discovery into the allegedly incriminating information about Defendant Clyburn's real estate and financial transactions is not relevant. Even if Plaintiff were allowed to amend his complaint and allege that he found incriminating facts about the Defendant Clyburn *prior* to his termination, this would not change the court's decision.

Plaintiff's theory of retaliation only requires that he prove that Defendant Clyburn was aware that Plaintiff had discovered incriminating information about him and interfered with Plaintiff's employment in retaliation. It is not relevant whether or not Plaintiff's discoveries are true or what additional incriminating information may exist about Defendant Clyburn's financial transactions; what is relevant is what Defendant Clyburn purportedly believed Plaintiff had discovered. Even under an amended complaint, there is no relevance or justification for allowing discovery into additional information about Defendant Clyburn's financial accounts and transactions.

Plaintiff's argument that his motion for subpoena *duces tecum* should have been granted so that Plaintiff could discover impeachment evidence about Neely is also without merit. A discovery request that has the sole purpose of providing impeachment evidence regarding a

witness is not permissible where the discovery request is otherwise not relevant to proving or disproving the elements in the underlying cause of action. Lastly, the amended scheduling order extended the discovery deadlines by three weeks, which provided sufficient time for Plaintiff to depose Neely and for the parties to finish discovery. Having reviewed the Magistrate Judge's order and Plaintiff's objections, the court finds no clear error in the Magistrate Judge's order.

### IV. Motion for Oral Argument

On November 14, 2011, Plaintiff also filed a motion for oral argument on his objections to the Magistrate Judge's orders (ECF Nos. 157, 168). The court has reviewed the Magistrate Judge's Orders and Plaintiff's respective objections and finds that no useful purpose would be served by holding oral arguments.

### V. Conclusion

The court denies Plaintiff's motion for oral argument (ECF No. 182). After a review of the Magistrate Judge's orders (ECF Nos. 157, 168), Plaintiff's objections to each, and the applicable law, the court affirms both orders of the Magistrate Judge. The matter is recommitted to the Magistrate Judge for additional review and a Report and Recommendation.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Chief United States District Judge

February 10, 2012
Columbia, South Carolina