IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Brian Ryan B. Doyle,<br><br>                      Plaintiff,<br><br>    vs.<br><br>The South Carolina Democratic Party,<br>et al.,<br><br>                      Defendants. | Civil Action No. 3:10-203-MBS-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

       This matter is before the court on defendant Clyburn's motion for summary judgment (doc. 192). In his complaint, the plaintiff alleged several claims, all related to his involvement in Democratic Party politics in the State of South Carolina.

       Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) DSC, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

       On March 31, 2011, the Honorable Margaret B. Seymour, United States District Judge, granted the defendants' motion to dismiss in all respects except as to the plaintiff's claim pursuant to 42 U.S.C. § 1983 against State Representative William Clyburn, which alleged Clyburn threatened the plaintiff's employer with the loss of "valuable contracts with the State" if the plaintiff continued to voice support for his preferred candidate, and the plaintiff's employment was ultimately terminated as a result (*see* doc. 133).

       On December 1, 2011, the defendant filed a motion for summary judgment. By order filed December 2, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response in opposition on January 9, 2012, and the defendant filed a reply on January 18, 2012.

**FACTS PRESENTED**

In his complaint, the plaintiff alleges that, in or around March 2008, while employed[1] as a talk show host at a local radio station, he opted to vocally support "a young progressive African American male, Travis Johnson, . . . for a State Senate Seat for District 25," instead of his opponent, who the plaintiff contends was recruited for the race and supported by State Representative Clyburn (comp. ¶¶ 30–33). The plaintiff contends that "[State Representative Clyburn] and others conspired to have [the plaintiff] removed from his employment in order to silence his expression of opinions concerning vital community issues" (*id.* ¶ 35). Specifically, the plaintiff alleges that "[State Representative Clyburn] and others approached [the plaintiff]'s employer and indicated to him that he might [lose] many valuable contracts with the State, not receive State contracts in the future and would be removed from the State contractor's approved list if he failed to bring [the plaintiff] into line with their agenda" (*id.* ¶ 36). The plaintiff claims that, as a result of these contacts, his employer told him that he could either support Mr. Johnson's opponent "or not talk[] about the issues at all on the air" (*id.* ¶ 38). When the plaintiff refused, he lost his job (*id.* ¶¶ 39–40).

**APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248

---

[1] The plaintiff and defendant argue about whether the plaintiff was an employee or an independent contractor of the radio station (def. m.s.j. at 9-10; pl. resp. m.s.j. at 2; def. reply at 4). As this court finds that the plaintiff has not shown that a person acting under color of state law violated his constitutional rights, and thus he cannot proceed on his Section 1983 claim, the question of whether he was an employee or independent contractor is not an issue of material fact. The court has assumed for purposes of this motion that the plaintiff was an employee of the radio station.

(1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

The plaintiff's claim against the defendant is brought pursuant to 42 U.S.C. § 1983. To prevail in such an action, the plaintiff must prove that a person acting under color of state law violated his constitutional rights. The defendant first argues that the plaintiff cannot show the vital requirement of an action taken under color of state law, and thus his Section 1983 claim fails. This court agrees.[2]

---

[2] As this court finds that the plaintiff has failed to prove state action and recommends dismissal for that reason, the defendant's remaining arguments for dismissal will not be addressed.

In this case, the plaintiff must prove that defendant Clyburn harmed him through state action by retaliation for exercise of his First Amendment rights of speech. To do so, he must establish: 1) that he engaged in speech that was protected; 2) that the defendant engaged in retaliatory action which adversely affected his constitutionally protected speech; and, 3) a causal relationship existed between his speech and the defendant's retaliatory action. *Trulock v. Freeh*, 275 F. 3d 391, 404 (4th Cir. 2001) (citing *Suarez Corp. Industries v. McGraw*, 202 F.3d 676 (4th Cir. 2000)). The causation prong of this analysis requires the plaintiff to prove that he would not have been terminated from the radio station "but for" his protected statement on a matter of public concern. *Holland v. Rimmer*, 25 F.3d 1251, 1254 (4th Cir. 1991).

As argued by the defendant, central to the cause of action is retaliatory conduct by the defendant under the color of state law against the plaintiff for his protected speech. In this case, there simply was none. The plaintiff alleges he was terminated from a private (not government) position by a private (not public) actor/employer. For such an event to be actionable against defendant Clyburn under Section 1983, the plaintiff must prove that his termination is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). *See also Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (observing that § 1983's "under color" of law requirement is equivalent to the "state action" requirement of the Fourteenth Amendment). Accordingly, the plaintiff must show that the actions of the radio station or its owner are attributable to defendant Clyburn, acting as a government official. "[P]rivate activity will generally not be deemed 'State action' unless the state has so dominated such activity as to convert it into state action[.]" *DeBauche v. Trani*, 191 F.3d 499, 507 (4th Cir. 1999) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). Private decisions of private businesses are not state actions unless the State has so coerced the decision as to remove it "'from the sphere of private choice.'" *Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214 (4th Cir. 1993) (quoting *Peterson v. City of Greenville*, 373 U.S. 244, 248 (1970)). State officials can be liable for a private business's decision only when the defendant has "exercised coercive power or has

4

provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum*, 457 U.S. at 1004. "Mere approval of or acquiescence in the initiatives of a private party is not sufficient" to justify liability. *Id.* at 1004-1005.

The defendant relies on the affidavit of Frank Neely, the principal in Rejoice, Inc., a corporation that the was the owner of a gospel radio station, WAAW, in Aiken, South Carolina, where the plaintiff worked (Neely aff., doc. 164-1). Mr. Neely attests that in May 2008, having grown weary of seven defamation lawsuits and a Federal Communications Commission ("FCC") investigation[3] occasioned by the plaintiff's on-air remarks, Neely ended the plaintiff's services at the station (*id.*).

Among the seven lawsuits is one in which Sheriff Ronnie Strength of Augusta, Georgia, had sued the plaintiff, Rejoice, Inc., and Frank Neely, in the Richmond County Superior Court, in *Strength v. Brian Lamon Doyle, Rejoice, Inc., and Frank Neely individually and as Alter Ego of Rejoice, Inc.*, Case No. 2007-RCCV-199, for defamation. He obtained a verdict for $350,000 in actual damages and $1.5 million in punitive damages against the plaintiff, and $500,000 in actual damages and $4 million in punitive damages against Neely. The verdict was upheld by the Court of Appeals of Georgia on April 25, 2008 (just days before Neely terminated the plaintiff). *Neely v. Strength*, 661 S.E.2d 677 (Ga. Ct. App. 2008). The complaint alleged, and the court found and concluded, the plaintiff had broadcast false non-privileged statements over the air that Sheriff Strength was a murderer and had drug dealers paying for his country club membership (def. m.s.j., attach. 4, doc. 192-4). Additionally, local radio station personality Austin Rhodes sued in the Aiken County Court of Common Pleas in *Rhodes v. Brian Lamont Doyle aka "Ryan B,"*

---

[3]This court takes judicial notice of *U.S. v. Rejoynetwork, LLC*, Case No. 0:11-cv-688-CMC, a collection action by the United States in this court that arose when the FCC began an investigation of WAAW in June 2006. The investigation was based on reports received in March and April 2006 that the plaintiff had broadcast recorded telephone conversations with local airport officials who were not advised their remarks would be broadcast. The investigation continued through 2007, requiring response and participation by the radio station owner. The matter resulted in an October 2008 fine and the collection action by the United States.

*Charles "Champ" Walker, Jr., and The Rejoice Network, Inc.*, Case No. 06-CP-02-1065, for defamation (falsely calling Rhodes a sex offender) and unfair trade practices. On March 28, 2008, the court adjudicated the allegations in favor of Rhodes, who was awarded a defamation and unfair trade practices verdict of $1,065,000.00 against The Rejoice Network, Inc., which, according to the findings of the Honorable Robert Smoak in the Judgment for Damages, was also known as Rejoice, Inc., and was the owner of WAAW (def. m.s.j., attach. 5, doc. 192-5). Five additional defamation lawsuits were filed as of the time of the plaintiff's termination and later ended in verdicts for the respective plaintiffs (*id.,* attachs. 6-10).

According to Neely, he "could no longer tolerate [the plaintiff's] conduct, its personal stress and financial cost . . . , and the deviation of [the] radio station from its Christian gospel mission." Accordingly, he terminated the plaintiff's services with the station, retained a new general manager, and changed the station's programming. Neely states that defendant Clyburn never pressured him to remove the plaintiff from the air or the station, and the defendant "made no promises, nor threats, nor insinuations to [him] regarding any contracts, nor about [the plaintiff], nor any political or financial matters." Neely further states, "William Clyburn had no involvement nor influence in my decision to terminate [the plaintiff's] services to the radio station (Neely aff., doc. 164-1).

In his affidavit submitted in support of his opposition to summary judgment, the plaintiff states as follows:

> I was then told by Frank [Neely] and asked by Frank, "Ryan B, why can't you support this Clyburn thinks it's a great ideal and I want to keep my relationship between him and his cousin and I have been told I would lose State Contracts and I'm working on the James E. Clyburn Transportation Center at South Carolina State," where Frank Neely had received a large contract. . . .
>
> Frank pleaded with me to go to along with Anderson for the State Senate seat and to support the curfew in light of him

6

> being in the good graces of both Bill and Jim Clyburn to continue the[ir] support for his construction company to continue to receive state contract (7 Star Construction Inc., and later 8 Star Construction Inc.).

(Pl. aff. ¶¶ 18-19). He further states, "Frank [Neely] personally informed me that he was being pressured by the Clyburns regarding me not supporting their candidate of choice and attacking Clyburn's wife in support of the curfew and he feared the los[s] of State contracts" (*id.* ¶ 21).

Federal Rule of Civil Procedure 56 provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed.R.Civ.P. 56(c)(3). Furthermore, "[a]n affidavit . . . used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated." *Id.* 56(c)(4). As argued by the defendant in his reply to the plaintiff's opposition to summary judgment, the plaintiff's affidavit is "replete with hearsay" (def. reply at 1). The plaintiff has recited what he claims were Neely's statements at the time of his termination, and Neely, who is not a party to this case, has refuted those statements under oath. The plaintiff's recitations of the statements allegedly made by Neely are inadmissible hearsay. Fed.R.Evid. 801(c) ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."). As argued by the defendant, the recitations do not constitute admissible prior statements by a witness or statements against interest (def. reply at 3). *See* Fed.R.Evid. 801(d)(1) and 804. The plaintiff was given an opportunity to subpoena Neely for deposition (*see* 10/20/11 order granting in part pl. m. for subpoenas, doc. 168), but he did not do so.

The plaintiff has presented absolutely no admissible evidence that defendant Clyburn, acting as a State official, exercised coercive power or provided such significant encouragement to Neely in terminating the plaintiff's position with the radio station that the

7

conduct must be deemed to be taken under color of state law.  On the other hand, the defendant has presented significant evidence showing Neely terminated the plaintiff from his position with the radio station due to the numerous lawsuits filed against the station caused by the plaintiff's on-air conduct.  Accordingly, the plaintiff's Section 1983 claim cannot survive, and summary judgment should be granted to the defendant.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, this court recommends that the defendant's motion for summary judgment (doc. 192) be granted.

s/ Kevin F. McDonald  
United States Magistrate Judge

March 19, 2012  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.