IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Brian "Ryan B" Doyle,           ) | C.A. No. 3:10-203-MBS-KFM |
|        ) | |
|       Plaintiff,    ) | |
|        ) | **ORDER AND OPINION** |
|    vs.       ) | |
|        ) | |
| State Representative William "Bill"    ) | |
| Clyburn, individually and in his capacity    ) | |
| as State Representative of the State    ) | |
| of South Carolina,    ) | |
|        ) | |
|       Defendant.    ) | |
| _____) | |

Brian "Ryan B" Doyle ("Plaintiff") proceeding pro se, filed a complaint on January 27, 2010, alleging several claims related to his involvement in Democratic Party politics in the State of South Carolina. In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.02(B)(2)(e), D.S.C., the action was referred to United States Magistrate Judge William M. Catoe and subsequently to Magistrate Judge Kevin F. McDonald for review.

### Background

In March 2008, Plaintiff was working as a talk show host at a local radio station in South Carolina. At the time, Travis Johnson was running for a State Senate Seat for District 25. Plaintiff announced to his listeners that he was supporting Johnson over a candidate who had been recruited by members of the State Democratic Party, including State Representative William Clyburn ("Defendant"). Plaintiff alleges that Defendant approached the radio station manager and Plaintiff's boss, Frank Neely ("Neely"), and indicated to him that he might lose valuable state contracts if Plaintiff continued to support candidates who were running in opposition to the Democratic Party's

recruits. Plaintiff alleges that Neely gave him an ultimatum of either supporting the Democratic Party's recruits or not talking about the issues at all on the air. Plaintiff allegedly refused the ultimatum and was removed from the air and fired by Neely.

Plaintiff's complaint contained various allegations, including RICO and § 1983 claims against various individuals involved in the South Carolina Democratic Party. On March 1, 2010, Defendants filed a joint motion to dismiss.[1]  On March 31, 2011, the court granted Defendants' motion to dismiss as to all claims except Plaintiff's 42 U.S.C. § 1983 claim against Defendant.

On December 1, 2011, Defendant filed a motion for summary judgment. Defendant cited to Neely's affidavit, wherein Neely attested that he terminated Plaintiff because he had grown weary of seven defamation law suits and an FCC investigation filed in 2007 occasioned by Plaintiff's on-air remarks. Neely stated the following in his affidavit:

> In one of those cases, Sheriff Ronald Strength had won a judgment against me in a defamation action, over things said by Doyle on the air, in the amount of $500,000 compensatory damages and $4 million punitive damages. In April 2008, I lost my appeal of that judgment in the Court of Appeals of Georgia. In March 2008, radio personality Austin Rhodes received a defamation judgment against my company and Doyle for an amount in excess of one million dollars in Aiken County, South Carolina. I could no longer tolerate Doyle's conduct, its personal stress and financial cost to me, and the deviation of my radio station from its Christian gospel mission. . . .William Clyburn never pressured me to remove Doyle from the air or the station. William Clyburn made no promises, nor threats, nor insinuations to me regarding any contracts, nor about Mr. Doyle, nor about any political or financial matters. William Clyburn had no involvement nor influence in my decision to terminate Doyle's services to the radio station.

(ECF No. 164-1).

_____

[1]As required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge issued an order on March 3, 2010 advising Plaintiff of the motion to dismiss, the dismissal procedures, and the possible consequences if Plaintiff failed to respond adequately. Plaintiff filed a response in opposition to Defendants' motion to dismiss on March 8, 2010 and a supplemental response on March 31, 2010.

On December 2, 2011, the Magistrate Judge filed an order pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the consequences if he failed to adequately respond to Defendant's motion for summary judgment.  On January 9, 2012, Plaintiff filed a response in opposition.  Plaintiff also submitted his own affidavit in support of his opposition to summary judgment, wherein he stated:

> I was then told by Frank [Neely] and asked by Frank, 'Ryan B, why can't you support this [sic] Clyburn thinks it's a great ideal [sic] and I want to keep my relationship between him and his cousin and I have been told I would lose State Contracts and I'm working on the James E. Clyburn Transportation Center at South Carolina State,' where Frank Neely had received a large contract. . . . Frank pleaded with me to go to along with Anderson for the State Senate seat and to support the curfew in light of him being in the good graces of both Bill and Jim Clyburn to continue the[ir] support for his construction company to continue to receive state contract [sic] (7 Star Construction Inc., and later 8 Star Construction Inc.)

(ECF No. 195-2).

On January 18, 2012, Defendant filed a reply brief.   On March 19, 2012, the Magistrate Judge filed a Report and Recommendation in which he recommended that Defendant's motion for summary judgment be granted for the reasons discussed below.  On April 6, 2012, Plaintiff filed objections and a motion for extension of time to file supplemental objections, which the court granted. On May 8, 2012, Plaintiff filed supplemental objections. On May 9, 2012, Defendant filed a reply to Plaintiff's objections.

## Discussion

### *Standard of Review*

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court. <u>Mathews v. Weber</u>, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the report or specified proposed findings or recommendations to

which an objection is made.  The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1). Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law.  <u>Anderson v. Liberty Lobby Inc.</u>, 477 U.S. 242, 248-49 (1986).  A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party.  <u>Newport News Holdings Corp. v. Virtual City Vision, 650 F.3d 423, 434 (4th Cir. 2011)</u>.

Generally, an affidavit filed in opposition to summary judgment must present evidence in substantially the same form as if the affiant were testifying in court.  <u>See</u> <u>King v. Marriott Int'l Inc.</u>, No. 9:05-1774-PMD, 2007 WL 951738, at *6 (D.S.C. March 27, 2007).  Fed. R. Civ. P. 56(c) specifically requires that affidavits used to oppose a motion be made on personal knowledge and set out facts that would be admissible in evidence.  <u>See</u> <u>Williams v. Griffin</u>, 952 F.2d 820, 823 (4th Cir. 1991).  Thus, summary judgment affidavits cannot be conclusory or based upon hearsay.  <u>See</u> <u>Evans v. Techs. Applications & Serv. Co.</u>, 80 F.3d 954, 962 (4th Cir. 1996).

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."  42 U.S.C. § 1983.  In order to establish a claim under § 1983, a plaintiff must prove that the defendant deprived him of a right secured by the Constitution and that the defendant deprived him of the right under color of state law.  <u>See</u> <u>Mentavlos v. Anderson</u>, 249 F.3d 301, 310

4

(4th Cir. 2001). Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful." See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999). Section 1983's requirement that a defendant act under "color of law" is treated as the equivalent of the "state action" requirement under the Fourteenth Amendment. See Haavistola v. Community Fire Co. of Rising Sun, Inc., 6 F.3d 211, 215 (4th Cir. 1993).

In order to prevail in a 42 U.S.C. § 1983 action for a First Amendment violation, Plaintiff must also establish that 1) he engaged in speech that was protected; 2) Defendant engaged in retaliatory action which adversely affected his constitutionally protected speech; and 3) a causal relationship existed between his speech and Defendant's retaliatory action. See Trulock v. Freeh, 275 F.3d 391, 404 (4th Cir. 2001) (citations omitted).

### *Analysis*

#### The Magistrate Judge's Findings

The Magistrate Judge found that Plaintiff failed to establish the elements of a § 1983 claim. Specifically, the Magistrate Judge noted that Plaintiff had submitted no admissible evidence to dispute Neely's purported reason for terminating Plaintiff, that he had grown weary of the defamation law suits occasioned by Plaintiff. Although Plaintiff had submitted his own affidavit as evidence disputing Neely's affidavit, the Magistrate Judge found that Plaintiff's affidavit contained inadmissible hearsay. See Fed. R. Evid. 801(c). The Magistrate Judge noted that Plaintiff was given an opportunity to subpoena Neely for deposition, but he did not do so. The Magistrate Judge found that the recitations in Plaintiff's affidavit also did not constitute hearsay exceptions for admissible prior statements by a witness or statements against interest.

Ultimately, the Magistrate Judge found that Plaintiff failed to present any admissible

evidence demonstrating that Defendant, acting under the color of state law, coerced Neely to terminate Plaintiff's employment. As such, the Magistrate Judge found Plaintiff's § 1983 claim could not survive and recommended that Defendant's motion for summary judgment be granted.

Plaintiff's Objections

First, Plaintiff argues that the court should not give weight to Neely's affidavit, arguing that Defendant, who exercised coercive power over Neely in convincing him to terminate Plaintiff's employment, similarly could have coerced Neely in formulating his affidavit. Plaintiff's objection is without merit because it is speculative and based on unproven allegations.

Second, Plaintiff argues that Neely's purported reasons for terminating Plaintiff are pretextual because the defamation lawsuits that serve as the basis for termination were in existence for some time prior to his termination. Plaintiff argues that the direct intervention by Defendant is actually what prompted Plaintiff's termination.[2] Further, Plaintiff argues that his affidavit provides sufficient evidence of state action by Defendant and that the Magistrate Judge erred in refusing to consider the statements contained therein.

In this case, the only evidence of "state action" by Defendant is contained in Plaintiff's affidavit regarding Plaintiff's conversation with Neely.

***Admissibility of Plaintiff's Affidavit***

In his objections, Plaintiff appears to concede that his affidavit contains hearsay, but contends that the content of the affidavit is admissible under hearsay exceptions, outlined in Fed. R. Evid. 801 (d)(1)(B) and 804(b)(3).

---

[2] Plaintiff's objection regarding the merits of his First Amendment claim including the true "causation" for his termination need not be considered at this point, because the court must first determine whether Plaintiff presented sufficient evidence of state action as required under § 1983 action, before analyzing the merits of his First Amendment claim.

6

Fed. R. Evid. 801(d)(1)(B) involves prior consistent statements by a witness, which is inapplicable here. The court assumes that Plaintiff is referring to Fed. R. Evid. 801(d)(1)(A) which permits the use of a prior statement containing hearsay, when the declarant testifies and is subject to cross examination about the prior statement and the prior statement is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition. The prior statements urged by Plaintiff, namely the statements made by Neely in his conversation with Plaintiff, were not made under the penalty of perjury. Thus, Fed. R. Evid. 801(d)(1)(A) is an inapplicable hearsay exception.

Fed. R. Evid. 804(b)(3) provides a hearsay exception for a statement containing hearsay only when the declarant is unavailable to testify as witness. Neely has not been unavailable to testify. Plaintiff was ordered to provide the court with the scheduling information for the deposition of Neely and was informed that the court would provide a deposition subpoena thereafter. Plaintiff chose not to avail himself of that opportunity; however, it does not follow that Neely is therefore an "unavailable witness." Thus, Fed. R. Evid. 804(b)(3) is also an inapplicable hearsay exception. Thus, having concluded that Plaintiff's only evidence constituting "state action" by Defendant is based on inadmissible hearsay for which there are no hearsay exceptions, the court finds that Plaintiff failed to show sufficient evidence of state action to survive summary judgment.

### Conclusion

After a thorough review of the Report and Recommendation, Plaintiff's objections, the record in its entirety, and the applicable law, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. Defendant's motion for summary

judgment is granted.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

August 28, 2012

Columbia, South Carolina